March 18, 2020

The Honorable Lois Bloom
U.S. District Court Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY   11201

Re: *U.S.A. v. Juan Plasencia*, 20 MJ 205
*U.S.A. v. Douglas Ebanks*, 20 MJ 204

Your Honor:

      I write in response to the Government's request for adjournments of the date of the preliminary hearings in these matters to April 27, 2020, or a date after Administrative Order 2020-06 is lifted.   The defense opposes the time of the adjournment requested as too lengthy and outside of the procedures set forth in Federal Rule of Criminal Procedure (FedRCrimP) 5.1(d).

      At a conference yesterday, the Court ruled that she found an extraordinary circumstance in the existence of the Covid-19 pandemic and that the interests of justice required the protection of the parties involved who would be put at risk if the preliminary hearing was held.   Based on those findings, the Court refused to schedule the preliminary hearings.   The Court did not set a new date for the hearings, saying it was awaiting guidance on how the right to a preliminary hearing should be interpreted as a result of Administrative Order 2020-06.

      Without a defendant's consent for an extension, FedRCrimP 5.1(d) permits a Magistrate Judge to extend the time frames set forth in the Rule. Those time frames require the scheduling of preliminary hearings within 14 days for a defendant in custody, and 21 days for a defendant out of custody, *see* FedRCrimP 5.1(c).   As the defense stated at yesterday's conference, the rules governing preliminary hearings are not set forth in the speedy trial rules, but in FedRCrimP 5.1. As a result, the Court is required to follow Rule 5.1(d) in extending the time frames for a preliminary hearing.   As the Rule states "a magistrate judge may extend the time limits in Rule 5.1(c) one or more times."   Should additional extensions become necessary, the government must file additional requests.   The Court must then make the necessary findings that extraordinary circumstances and the interests of justice still exist and require an additional extension.

      As a result, and based on the Court's findings yesterday that extraordinary circumstances and the interests of justice required an extension of the timeframes, that extension should only be granted until April 1, 2020, when the next 14 day period will expire.

                                                    Respectfully submitted,

                                                    Mildred M. Whalen
                                                  Federal Defenders of New York, Inc.
                                                  Attorneys for Mr. Plasencia and Mr. Ebanks
                                                  (718) 330-1290

cc:     Assistant U.S. Attorney Robert Pollack, Esq. (via email and ECF)
          Assistant U.S. Attorney Matthew Bushwack, Esq. (via email and ECF
          ECF