**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

May 1, 2020

The Honorable Cheryl L. Pollak
Chief U.S. District Court Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re: *U.S.A. v. Douglas Ebanks*, 20 MJ 204

Your Honor:

    Please accept this letter as a motion to reconsider the decision to grant the government's motion to continue, filed at 5:12 p.m. last evening.  I write to oppose the Government's request to adjourn the preliminary hearing in Mr. Ebanks' case to June 15, 2020 or any date set in any future administrative order issued as a result of the COVID-19 pandemic.

    Instead, the Court should dismiss the complaint pursuant to Federal Rule of Criminal Procedure (Fed.R.Crim.P.) 48(b)(1), which permits the Court to dismiss a complaint when there has been unnecessary delay in presenting a charge to the grand jury.  There has been such unnecessary delay in this case.

    1.    **Background.**

    Mr. Ebanks was arraigned on a federal complaint on March 4, 2020.  This was not the first time Mr. Ebanks was in a court facing these charges, however. Mr. Ebanks had been arrested on the charges underlying the complaint on December 26, 2019.   Please see the complaint in this case, ECF No. 1.

    The charges underlying the federal complaint are being prosecuted in New York State Supreme Court, Kings County.[1]  The case in New York was indicted on January 14, 2020.  Mr.

---

[1] Upon information and belief, when a case has been indicted in New York State Supreme Court and is then transferred to federal court, the New York State indictment is not dismissed unless and until the case is indicted in federal court.  This permits New York State to retain jurisdiction and continue its prosecution should the federal government decide not to continue the prosecution in federal court.  Upon further information and belief, Mr. Ebanks was brought into federal custody on a writ, with New York State retaining primary custody over his person, even though he is physically in federal BOP custody.  If the federal case is indicted, the New York State indictment will be dismissed, and the federal government will take primary custody of Mr. Ebanks.  If the federal case is not indicted, prosecution will continue in New York State Supreme Court, Kings County.

Ebanks was and remains detained on that case on $100,000 bail. He has pled not guilty to those charges and was awaiting trial. He is next scheduled to appear in Kings County Supreme Court on May 12, 2020. Please see exhibit A, Appearances from the New York State Unified Court System.

Mr. Ebanks demanded a preliminary hearing at his arraignment in federal court on March 4, 2020, and the hearing was scheduled for March 18, 2020. On March 17, 2020, the government informed the magistrate clerks that they were prepared to proceed to a preliminary hearing the following day. While not reflected on the docket sheet, but reflected in the defense submission of March 18, 2020, ECF No. 6, and Magistrate Judge Bloom's order of March 18, 2020, Magistrate Judge Bloom held an emergency status conference on March 17, 2020 and advised defense counsel she would not hold a preliminary hearing on March 18, 2020. Magistrate Bloom made the finding that Fed.R.Crim.P. 5.1(d) permitted an adjournment of the hearing if extraordinary circumstances existed and justice required the delay. Magistrate Judge Bloom found such extraordinary circumstances and justice requiring the delay in the circumstances of the COVID-19 pandemic. The following day Magistrate Judge Bloom adjourned the preliminary hearing, by order and over defense objection, to April 27, 2020. As the defense noted in our submission of March 18, 2020, this adjournment was outside of the rules set forth in Fed.R.Crim.P. 5.1(c), which only permitted an adjournment of the preliminary hearing for a defendant in custody for 14 days.

On March 18, 2020, Chief Judge Mauskopf issued Administrative Order 2020-11, which extended the time within which a preliminary hearing must be held to 60 days after the initial appearance. On April 21, 2020, Chief Judge Mauskopf issued Administrative Order 2020-15, which stated that for all criminal matters in which a magistrate judge must conduct a preliminary hearing between April 27, 2020 and June 15, 2020, the time for such a preliminary hearing is extended to no later than 60 days after the initial appearance of the defendant. As the government correctly notes, this would require a preliminary hearing in Mr. Ebanks' case on May 4, 2020.

2. **Issue and Request.**

The Court has now granted the government another extraordinary extension of the time in which conduct a preliminary hearing. The Court has granted an extension to June 25, 2020 or 10 days after the expiration of any future administrative order.[2] As will be detailed below, the government's request for an extension was the result of an unnecessary delay by the government

---

[2] While the government has asked defense counsel if Mr. Ebanks would waive a preliminary hearing in this matter, and advises the Court that it has not yet heard from defense counsel on this request, defense counsel has no ability to respond to the government's request for the simple reason that the MDC is on lockdown. Inmates are restricted to their cells 24 hours a day Tuesday, Thursday, Saturday, and Sunday. They are released from their cells Monday, Wednesday, and Friday for one hour. During this one hour, inmates are expected to shower, make all telephone calls to their families, and email. The government asked defense counsel to waive the preliminary hearing on Wednesday, April 29, 2020, and defense counsel emailed Mr. Ebanks. Unfortunately, defense counsel must have missed the one-hour window Mr. Ebanks would have had to respond to defense counsel email, or he was otherwise engaged on the telephone or taking a shower.

2

in conducting a preliminary hearing or presenting the case to the grand jury before March 18, 2020. The Court should reconsider its decision, deny the government's request, and dismiss the federal complaint.

### a. Fed.R.Crim.P. 48. Dismissal.

Fed.R.Crim.P. 48(b)(1) permits dismissal of a complaint by the Court if unnecessary delay occurs in presenting a charge to the grand jury. This provision not only allows the Court to dismiss on constitutional grounds, but also permits the Court to dismiss where the delay is not of a constitutional magnitude. This rule operates independently of the Speedy Trial Act and is broader in compass. *United States v. Goodson*, 204 F.3d 508, 513 (4th Cir. 2000); *United States v. Balochi*, 527 F.2d 562, 563-64 (4th Cir. 1976)(*per curiam*).

The government claims that the coronavirus pandemic prevented them from presenting this case to the grand jury and continues to prevent them from holding a preliminary hearing. As detailed below, while the coronavirus pandemic may prevent them from holding a preliminary hearing, the government had ample opportunity to indict the case prior to the pandemic closing the court. The complaint should be dismissed for their unnecessary delay in presenting this charge to the grand jury.

### b. The government could have obtained an indictment prior to bringing Mr. Ebanks to federal court.

As detailed above, Mr. Ebanks was arrested on December 26, 2019. He was held on bail in state custody and was indicted on January 14, 2020. He made three subsequent court appearances in state court and was pending trial. While it is unclear when the government made their decision to prosecute the case federally, it clearly did so prior to March 4, 2020. The federal government was not required to have Mr. Ebanks in custody when they obtained their indictment and could have obtained the indictment prior to bringing him into federal custody. Their decision not to indict the case prior to bringing Mr. Ebanks into federal custody should not be now used to further detain him in federal custody. Their failure to indict the case before bringing Mr. Ebanks to federal court was an unnecessary delay and permits the Court to dismiss the complaint pursuant to Fed.R.Crim.P. 48(b)(1).

### c. The government could have indicted Mr. Ebanks after he was arraigned on the federal complaint.

Furthermore, after Mr. Ebanks was arraigned on the federal complaint the government could have moved to speedily indict the case. While the government claims that they have been unable to achieve a quorum in the grand jury since March 13, 2020, they had ample opportunity between March 5 and March 13, 2020, seven business days, to present this case to a grand jury.

This is especially true when, based upon the government's review that the case should be transferred to federal court, the government would have already met with and spoken to the officers involved in the arrest to determine if the case should be brought in federal court. This is not a case where the government had to do an investigation immediately following an arrest. As

noted above, the government had ample opportunity to investigate the case and prepare witnesses for the grand jury before Mr. Ebanks was brought to federal court. Given this unnecessary delay in presenting the charge to the grand jury, the federal complaint should be dismissed.

### d. The government's claim of an inability to achieve a quorum is undermined by their ability to obtain superseding indictments in a high-profile case.

Finally, while no 'regular' grand juries could apparently achieve a quorum after March 13, 2020, the government was able to convene a grand jury in high profile case and have them vote superseding indictments on March 18, 2020, the same day they were arguing they could not proceed in the grand jury on Mr. Ebanks' case. Furthermore, these superseding indictments were obtained in a case with no demonstrated urgency for the use of grand jury resources. Please *see* Docket No.15-CR-252 (PKC), ECF Nos. 1319 and 1337, where superseding indictments were filed on March 18, 2020, adding four new defendants to the FIFA soccer federation fraud, bribery, and money laundering case.

While fraud, bribery and money laundering are serious charges, there appears to have been no special urgency for the government to convene that grand jury as opposed to focusing their efforts and resources on Mr. Ebanks and other defendants in custody. Upon information, belief, and a review of the FIFA docket, the two individual (as opposed to corporate) defendants arraigned on this indictment were not in custody prior to the indictment, were not arrested after the indictment was obtained, appeared at arraignment by summons, and were granted bond at a telephonic arraignment.

The fact that the government could achieve a quorum in a grand jury for rich and high profile defendants, on the same day that they were arguing they could not proceed in Mr. Ebanks' case, was a gross misuse of the grand jury system. For the government to then demand and be granted their request that Mr. Ebanks, who is charged with being a felon in possession of a gun *in his home*, be held in custody for months beyond the statutory time frames, while these other defendants, indicted for charges of fraud, bribery, and money laundering, were not even arrested much less detained, makes it clear there is one system of justice for the rich and one for the poor. This misuse of grand jury resources contributed to an unnecessary delay in Mr. Ebanks case, and the federal complaint should be dismissed as a result.

### e. Conclusion.

The government chose how to proceed in this case. They chose to disrupt the state prosecution and delay Mr. Ebanks' ability to defend himself by bringing a federal case. They then chose not to indict the federal case prior to bringing Mr. Ebanks into federal custody. They then chose not to present the case to the federal grand jury between March 5 and March 13, 2020. Finally, they chose to focus grand jury resources on a high-profile case of rich and famous defendants they had no intention of arresting or detaining, rather than focus them on Mr. Ebanks, a poor man in custody. As is clear, the federal government chose to unnecessarily delay presenting this case to the grand jury, and as a result the complaint should be dismissed. We ask the Court to reconsider the government's request to continue, we ask the Court to deny that

request upon reconsideration, and we ask the Court to dismiss the federal complaint pursuant to Fed.R.Crim.P. 48(b)(1).

                                                       Respectfully submitted,

                                                       Mildred M. Whalen
                                                      Federal Defenders of New York, Inc.
                                                      Attorneys for Mr. Ebanks
                                                      (718) 330-1290

cc:      Assistant U.S. Attorney Matthew Bushwack, Esq. (via email and ECF
          ECF