# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

May 6, 2020

The Honorable Cheryl L. Pollak
Chief U.S. District Court Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *U.S.A. v. Douglas Ebanks*, 20 MJ 204

Your Honor:

    Please accept this letter as a reply to the government's response to the defense motion to reconsider the decision to grant the government's motion to continue. The government has not demonstrated that their efforts to obtain an indictment were extensive enough to overcome a finding that unnecessary delay has taken place in the indictment of the federal complaint in Mr. Ebanks' case. We continue to urge the Court to dismiss the federal complaint pursuant to Federal Rule of Criminal Procedure (Fed.R.Crim.P.) 48(b)(1).

    The government's response addresses the difficulties they had in presenting the case to a grand jury in the Eastern District of New York, beginning March 16, 2020, two days in advance of the scheduled preliminary hearing. They note that grand juries began experiencing diminished attendance on about March 9, 2020, but fail to address what efforts they took, if any, to bring Mr. Ebanks' case to a grand jury once diminished attendance became apparent.[1] Furthermore, if it became apparent grand jury attendance was diminishing on March 9, the government had 4 days, March 10 through March 13, to present Mr. Ebanks' case to the grand jury. Instead, despite evidence of diminishing grand jury attendance, the government waited until March 16 before even attempting to get into the grand jury.

    With respect to the defense comments on the special grand jury presentation on March 18, 2020, those comments were to note that the government could marshal its efforts and resources in making sure there was a quorum for a special grand jury in a high profile case where no one was expected to go into custody, but apparently would not do the same to ensure there was a quorum for a regular grand jury for Mr. Ebanks, who was in custody.

---

[1] The government also ignores that fact that grand jury attendance was not a problem on March 5 and 6, which, as pointed out in our letter of May 1, 2020, were feasible dates for the government to go into the grand jury. As we pointed out, given the investigation the government must have undertaken in their decision to bring a federal prosecution of Mr. Ebanks' case, the case would have essentially been grand jury ready as of March 4, 2020.

1

The government is incorrect in stating that the defense is faulting the government for not predicting the unprecedented impact of the COVID-19 pandemic. Instead, the defense is faulting the government for not anticipating difficulties in achieving a grand jury quorum beginning March 9, and unnecessarily waiting until the following week to even attempt to present Mr. Ebanks' case to the grand jury. Governor Cuomo declared a state of emergency in New York State on March 7, 2020[2]; on March 8, 2020 both Governor Cuomo and Mayor DeBlasio issued new guidelines on the use of public transportation and warned individuals to stay out of crowded buses, trains, and subway cars[3]. By March 9, 2020, New York State and New York City had sent the message that people should stay away from public transportation, and the fact that there were diminishing numbers of grand jurors should have come as no surprise to the government.

The government's reliance on the cases cited in their response is also misplaced. In those cases, defendants were arrested either after or one day before there were no longer functioning grand juries in the districts. *See United States v. Carrillo-Villa* 2020 WL 1644773, April 2, 2020 (S.D.N.Y.)(defendant arrested March 19, 2020, with an initial appearance on March 20, 2020-- order suspending jury trials and excluding speedy trial time in the S.D.N.Y. issued March 13, 2020, 20 MISC 00154, although not cited in decision); *United States v. Munoz*, 2020 WL 1433400, March 18, 2020 (S.D.Ca)(defendant arrested March 14, 2020, arraigned March 16, 2020, order of the Chief Judge suspending jury trials and other court proceedings and noting a lack of quorum of grand jurors issued March 17, 2020; court incorporating this order as the basis for cancelling the preliminary hearing and excluding time under the Speedy Trial Act from March 17, 2020 through April 24, 2020). Thus, the government in the cases cited had no ability to proceed in the grand jury at or after the time of the defendants' initial arraignments. That is not true of the government in Mr. Ebanks' case.

The government expects the Court to place the burden of their unnecessary delay on Mr. Ebanks, who has now been in custody on a hearsay complaint for more than 60 days. This is extraordinary because as noted in our letter of May 1, 2020, the government chose how to proceed in this case. The government chose not to indict the case prior to Mr. Ebanks' appearance in federal court. The government then chose to delay the indictment of Mr. Ebanks' case during the week of March 9, 2020, the weekend before which the governor declared a state of emergency and state and city authorities were advising individuals to travel carefully on public transportation. The government chose to wait until March 16, 2020 to try to present the case to a federal grand jury and were unable to do so. Mr. Ebanks should not be held responsible for the government's unnecessary delay in going into the grand jury, and the federal complaint against him should be dismissed.

                                                  Respectfully submitted,

                                                  Mildred M. Whalen
                                                  Federal Defenders of New York, Inc.
                                                  Attorneys for Mr. Ebanks

---

[2] https://www.nytimes.com/2020/03/07/nyregion/coronavirus-new-york-queens.html
[3] https://www.nbcnewyork.com/news/local/nyc-issues-new-commuter-guidelines-to-combat-coronavirus-spread/2317584/

(718) 330-1290

cc: Assistant U.S. Attorney Matthew Bushwack, Esq. (via email and ECF
ECF